# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: J.S. and K.C.

Nos. 17-0331 and 17-0340 (Webster County 16-JA-21 & 16-JA-22)

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner mother, B.C., and petitioner father, D.S., by counsel Christopher G. Moffatt and Steve Nanners, appeal the Circuit Court of Webster County's October 24, 2016, order terminating petitioners' parental rights to J.S. and K.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the children and in support of the circuit court's order. The guardian ad litem, Mary Elizabeth Snead, also filed a response in support of the circuit court's order. On appeal, petitioners argue that the circuit court erred in terminating their parental rights and denying their motion to reopen disposition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR filed an abuse and neglect petition against petitioners alleging that the parties abused their children, J.S., and K.C. According to the petition, the children were living in inappropriate housing conditions. Petitioners were cooking on a gas grill in the kitchen, the children were sleeping on a mattress in the living room because their bedroom was "full of junk" and a disassembled child's bed, there was limited food in the home, and garbage littered the inside and outside of the home. The petition also alleged that petitioners abused controlled substances and that they had been previously adjudicated as abusing parents due to long-term abuse of controlled substances and their engagement in domestic violence in the children's presence.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The record on appeal does not contain any information regarding petitioners' preliminary hearing.

In May of 2017, the circuit court held an adjudicatory hearing wherein evidence was presented and the circuit court adjudicated petitioners as abusing parents.[3] The circuit court also granted petitioners' requests for post-adjudicatory improvement periods.

In February of 2016, the circuit court held a dispositional hearing. At the hearing, the circuit court considered the DHHR and the guardian's motions to terminate petitioners' parental rights. The DHHR presented evidence that petitioners refused to address their substance abuse issues. A DHHR worker testified that the DHHR secured in-patient substance abuse treatment facility placement for petitioners and transportation to the treatment facility. The worker also testified that petitioners refused to stay at the treatment facility or complete treatment. The circuit court noted that it previously heard evidence of petitioners' refusal to remain in substance abuse treatment and gave them another chance to comply with its order to secure and complete substance abuse treatment. The circuit court also noted that, after petitioners were given a second chance to comply with its order, petitioners were arrested for forgery and uttering. The circuit court was also presented with evidence that an off-duty deputy witnessed an altercation between petitioners in which petitioner father threatened to "bash [petitioner mother] in the head." The off-duty deputy called for on-duty sheriff's deputies to respond to the incident. Based on the evidence presented, the circuit court revoked petitioners' improvement periods, found that there was no reasonable likelihood petitioners could substantially correct the conditions of abuse and neglect, and terminated their parental rights to the children by order entered on October 24, 2016. It is from that order that petitioners appeal.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

---

[3]The record on appeal does not contain any information regarding the adjudicatory hearing evidence presented below. Likewise, the record does not contain a copy of the adjudicatory hearing order or the transcripts.

On appeal, petitioners argue that the circuit court erred in denying their motion to reopen disposition where "new evidence" was discovered after the dispositional hearing. Petitioners claim that witnesses against them later recanted their testimony. Petitioners also argue that the circuit court erred in terminating their parental rights because the DHHR did not disclose the new evidence until after the close of the proceedings. Petitioners contend that the circuit court "clearly terminated" petitioners' parental rights based upon their forgery and uttering charges. They also contend that these charges were based on information given by petitioners' relative who later denied relaying such information to the police.

West Virginia Code § 49-4-604(a)(6) provides that circuit courts are directed to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "'[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

In the instant case, there was no reasonable likelihood that petitioners could have substantially corrected the conditions of abuse or neglect in the near future. The record shows that petitioners refused to complete substance abuse treatment, despite the circuit court's order to complete treatment and petitioners' multiple opportunities to comply with the order and to complete treatment. While it is clear that the circuit court considered other evidence regarding domestic violence and the forgery and uttering arrests, there is no evidence on the record that the circuit court's decision to terminate petitioners' parental rights was based solely on their arrests.

> [I]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable . . . .

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Because petitioners failed to complete substance abuse treatment in this proceeding and a previous abuse and neglect proceedings for the same issue, the circuit court correctly found that there was no reasonable likelihood that the conditions of abuse could be substantially corrected. Moreover, the circuit court also found that termination was necessary for the children's welfare. As previously stated, pursuant to West Virginia Code § 49-4-604(a)(6), circuit courts are directed to terminate parental rights upon these findings.

Furthermore, West Virginia Code § 49-4-606 allows a circuit court to reopen an abuse and neglect proceeding upon a motion to modify a prior disposition and requires that the circuit court "find[] by clear and convincing evidence a material change of circumstances and that the modification is in the child[ren]'s best interests." In this case, there is no evidence that petitioners have undergone a material change in circumstances. They have not completed a substance abuse treatment program or taken any other steps to substantially correct the conditions of abuse and neglect that led to the termination of their parental rights. Accordingly,

3

the circuit court properly refused to grant petitioners' motion to reopen and to disrupt the children's permanent placement without first undergoing a material change in the circumstances that gave rise to the petition's filing. As such, the circuit court did not err in denying petitioners' motion to reopen disposition.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 24, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker